UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MARIA MUNOZ,
and other similarly-situated individuals,

    Plaintiff,

v.

MILANEZZA LLC,
MAXMILIANO D. WAICMAN
and MARCO MORENO, individually,

    Defendants,
_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MARIA MUNOZ and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants LA MILANEZZA LLC, MAXIMILIANO D. WAICMAN and MARCO MORENO, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MARIA MUNOZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff was a covered employee for purposes of the Act.

3. Defendant LA MILANEZZA LLC  (hereinafter LA MILANEZZA) is a Florida corporation, having  place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. The individual Defendants MAXIMILIANO D. WAICMAN and MARCO MORENO were and are now, the owners/partners/managers, and chefs of Defendant Corporation LA MILANEZZA. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)],

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Defendant LA MILANEZZA it is a traditional Argentinian-Italian restaurant located at 700 Crandon Blvd., Key Biscayne Florida 33149. The restaurant specialized in a popular dish, milanesas.

7. Defendant employed Plaintiff MARIA MUNOZ from approximately February 20, 2013, to April 21, 2013, or 9 weeks.

8. Plaintiff was hired as a Kitchen Supervisor, and she was hired to work 50 hours for the amount of $1,200.00 weekly, or $24.00 an hour. Plaintiff Overtime rate should be $36.00.

9. During the time that Plaintiff worked for LA MILANEZZA Plaintiff was a non-exempt employee. Plaintiff held the title of Kitchen Supervisor. However, Plaintiff did not meet the requirements for any overtime exemption. Plaintiff was a regular

restaurant employee with some additional responsibilities, like food expeditor. Plaintiff had duties such as line cook (she was one of 8-10 line cooks,) and multiple non-cooking duties, such the production of food ingredients to be prepared, receiving and stocking supplies, cleaning the kitchen and equipment and general restaurant work. Plaintiff employed 100% of her working hours performing non-exempt work.  Plaintiff worked directly under the supervision of Chef Marco Moreno, and Manager/owner and Chef Maximiliano D. Waicman.

10. While employed by Defendant LA MILANEZZA, Plaintiff MARIA MUNOZ worked for up to 90.7 (Ninety point seven) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed.  Plaintiff was employed as a "Kitchen Supervisor" performing the same or similar duties as that of those other similarly-situated restaurant employees who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

11. Plaintiff worked 6 days a week. And her schedule varied considerably depending of the needs of the business. But she worked more than 50 hours in a week period, Plaintiff was not able to take any bona fide meal break.
Plaintiff was paid a salary for 50 hours as agreed. However, Plaintiff was required to work many hours over 40 in a workweek without receiving extra payment for overtime hours as required by the Fair Labor Standards Act.

12. Plaintiff complained and requested to Defendants Maximiliano D. Waicman and Marco Moreno to be paid for overtime hours at the rate of time and a half her regular

rate as established by law, Defendants refused to pay Plaintiff for overtime hours because she was a salaried employee.

13. On or about April 21, 2013, Plaintiff resigned from her employment with Defendants because she was not being paid for overtime hours.

14. Plaintiff MARIA MUNOZ seeks to recover the overtime hours that never were paid to her at the mandatory rate of time and a half her regular rate, liquidated damages and any other relief as allowable by law.

15. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for any hour worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

16. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation

for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Defendant LA MILANEZZA was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an Argentinian-Italian restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

19. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a restaurant employee who through her multiples activities regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

20. Defendant LA MILANEZZA employed Plaintiff MARIA MUNOZ from approximately from approximately February 20, 2013, to April 21 2013, or 9 weeks.

21. Plaintiff was hired to work 50 hours for the amount of $1,200.00 weekly or $24.00 an hour. Plaintiff overtime rate should be $36.00. Additionally, Plaintiff was entitled to be paid half-time overtime of $12.00 for 10 hours, which is the difference between 40 and 50 hours.

22. While employed by Defendant LA MILANEZZA, Plaintiff MARIA MUNOZ worked for up to 90.7 (Ninety point seven) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed.

23. Plaintiff was employed as a "Kitchen Supervisor" performing the same or similar duties as that of those other similarly-situated restaurant employees who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

24. Plaintiff worked 6 days a week. And her schedule varied considerably depending of the needs of the business. But she worked more than 50 hours in a week period, Plaintiff was not able to take any bona fide meal break.

25. Plaintiff was paid a salary weekly with checks accompanied by paystubs that did not reflect amount of hours worked. However, Plaintiff was required to work more than 40 hours per week without receiving extra payment for overtime hours.

26. Defendant failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate for every hour in excess of forty in a week period, as required by the Fair Labor Standards Act.

27. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information

and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

28. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Calculations have been made using Plaintiff's last regular rate of $24.00.

  a. Total amount of alleged unpaid wages:

  Six Thousand Four Hundred Thirty Dollars and 00/100 ($6,430.00)

  b. Calculation of such wages:

  Total weeks of employment: 9 weeks
  Total relevant weeks of employment: 9
  Total paid hours: 50 hours
  Paid weekly: $1,200.00: 50 hours = $24.00 an hour
  Regular rate: $24.00 x 1.5 = $36.00 O/T rate - Half time rate: $12.00

| Week | Date | Total Hrs. worked | O/T hrs. From 40-50 Time @ $12 At half-time of $12.00 | Total Half Time at $12.00 | O/T hrs. At the Time and a half of $36.00 | Total O/T at time and a half of $36.00 |
|---|---|---|---|---|---|---|
| 1 | 2/18/13– 2/24/13 | 30 hrs. | | | | |
| 2 | 2/25/13 - 3/03/13 | 58 hrs. | 10 hours | $120.00 | 8 hours | $288.00 |
| 3 | 3/04/13 - 3/10/13 | 73.5 | 10 hours | $120.00 | 23 hours | $828.00 |
| 4 | 3/11/13 - 3/17/13 | 90.7 hrs. | 10 hours | $120.00 | 40.7 hrs. | $1462.00 |
| 5 | 3/18/13 - 3/24/13 | 90.5 hrs. | 10 hours | $120.00 | 40.5 hrs. | $1458.00 |
| 6 | 3/25/13 - 3/31/13 | 60 hrs. | 10 hours | $120.00 | 10 hours | $360.00 |
| 7 | 4/01/13 - 4/07/13 | 60 hrs. | 10 hours | $120.00 | 10 hours | $360.00 |
| 8 | 4/08/13 - 4/14/13 | 60 hrs. | 10 hours | $120.00 | 10 hours | $360.00 |
| 9 | 4/15/13 - 4/21/13 | 60 hrs. | 10 hours | $120.00 | 10 hours | $360.00 |
| | TOTALES | | 80 hours | $960.00 | 152.20 hr | $5476.00 |

  Total overtime: $6,430.00

  c. Nature of wages (e.g. overtime or straight time):

> This amount represents the unpaid half-time for 10 hours and overtime at the rate of time and a half for the remaining hours as stated above.

29. At all times material hereto, the Employer/Defendant LA MILANEZZA failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

30. Defendant LA MILANEZZA knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

31. At the times mentioned, individual Defendants MAXIMILIANO D. WAICMAN and MARCO MORENO were and are now, the owners/managers/chefs of LA MILANEZZA. Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of LA MILANEZZA in relation to the employees of LA MILANEZZA, including Plaintiff and others similarly situated.  Defendants MAXIMILIANO D. WAICMAN and MARCO MORENO had operational control of the business, provided Plaintiff with her work schedules, and are jointly liable for Plaintiff's damages.

32. Defendants LA MILANEZZA MAXIMILIANO D. WAICMAN and MARCO MORENO willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages, as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIA MUNOZ and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants LA MILANEZZA, MAXIMILIANO D. WAICMAN and MARCO MORENO, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MARIA MUNOZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MARIA MUNOZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated:  June 28, 2015

                                            Respectfully submitted,

                                            By:  **/s/ Zandro E. Palma**
                                            ZANDRO E. PALMA, P.A.
                                            Florida Bar No.: 0024031
                                            3100 South Dixie Highway
                                            Suite 202
                                            Miami, FL 33133
                                            Telephone: (305) 446-1500
                                            Facsimile:  (305) 446-1502
                                            zep@thepalmalawgroup.com
                                            *Attorney for Plaintiff*