# SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement") is hereby entered into between MARIA MUNOZ ("Munoz") and all of her agents, successors, heirs, and assigns (hereafter, "Employees"), and MILANEZZA, LLC, a Florida limited liability company, MARCOS MORENO, individually, and MAX WAICMAN, individually, (hereafter "Milanezza" or "Employer"), and all of its parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, and assigns, and all of its past and present owners, officers, directors, shareholders, members, employees, consultants, agents, insurers, attorneys, and assigns (collectively referred to as "the Employer"). This Agreement shall be effective upon execution by all Parties and Court approval.

## Recitals

**WHEREAS**, Employee was, at one time, employed by the Employer; and

**WHEREAS**, Employee is seeking damages against the Employer under 29 U.S.C. § 201 *et seq.* for alleged unpaid overtime wages under the Fair Labor Standards Act (FLSA) in the case styled *Munoz v. Milanezza, LLC et al.* Case No. 1:15-cv-22428-RNS, currently pending in the United States District Court Sothern District Of Florida, Miami Division ("the Litigation"); and

**WHEREAS**, the Employer denies all allegations and disputes all claims raised by Employee; and

**WHEREAS**, Employee and the Employer desire to compromise, finally settle, and fully release any and all claims that Employee has against the Employer raised in the Litigation; and

**NOW, THEREFORE**, in consideration of the mutual promises and covenants between the parties, the sufficiency of which is hereby acknowledged, the Employee and the Employer hereby agree to the following Terms and Conditions:

## Terms and Conditions

1. All the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

2. Upon execution of this Agreement, the Parties agree to jointly submit this Agreement to the Court and that this Agreement will be subject to Court approval. This Agreement shall be null and void, and neither party shall have any obligations under it if the Court fails to approve the settlement agreement in the Litigation.

3. In consideration for Employee's execution of this Agreement, Employer agrees that, within ten (10) days from the date the Court approved this Agreement and dismissed Employee's claim in the Litigation with prejudice, it will pay Employee the total gross amount of Six Thousand Dollars ($6000.00) as follows:

1

    A.    One check made payable to Munoz for the gross amount of Two Thousand 00/100 Dollars ($2,000.00), in the following form:

        i.    $1000.00, less applicable federal income tax withholding and other deductions required by law, to resolve any and all claims Munoz may have made against the Employer for alleged unpaid overtime compensation under the FLSA. This amount will be reported on a Form W-2 issued to Munoz for the 2015 tax year;

        ii.    $1000.00, to resolve any and all claims Munoz may have against Employer for liquidated damages in the instant action. This amount will be reported on a Form 1099 issued to Munoz for the 2015 tax year.

    B.    A check made payable to ZANDRO E. PALMA, P.A., Employee's attorney, located at 9100 S. Dadeland Blvd. Suite 1500, Miami FL 33156 in the amount of Four Thousand 00/100 Dollars ($4000.00) in payment of all costs to date of Employees' attorney throughout the pendency of the still-ongoing litigation. This amount will be reported on a Form 1099 to be issued to ZANDRO E. PALMA, P.A.

4.    Employee hereby agrees, represents and warrants that she shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to any recovery by him under this Agreement, except for the tax contributions federally mandated of Employers for employer taxes, and that they will fully satisfy all taxes, liens, and assignments for employees, but not employer taxes which may arise as a result of their receipt of the settlement payments. Employee represents that she is not subject to any garnishment or wage deduction order, including but not limited to, any order for the payment of child support.

5.    In consideration for the payments described above and the dismissal of this lawsuit, the sufficiency of which is hereby acknowledged:

    A.    Munoz generally release, satisfy and forever discharge the Employer of and from all actions, claims and demands, both known and unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, *et. seq.*, which Munoz ever had, now have or may have against the Employer.

    B.    Employee and Employer generally release, satisfy and forever discharge one another from any and all claims, demands or liabilities whatsoever, whether known or unknown, which Employee or Employer ever had or may now have against the one another from the beginning of time to the date of this Agreement is executed, except for the obligations the Employer undertakes in this Agreement. This release includes, without limitation, any claims, demands or liabilities relating to or arising out of Employee's employment with Employer and separation of employment

2

with Employer pursuant to any federal, state, or local employment laws, regulations, ordinances, or executive orders prohibiting, among other things, age, race, color, sex, national origin, religion, marital status, familial status, sexual orientation, and disability discrimination.

    i.    This release includes, but is not limited to, any and all actions claims and demands under:

| |
|---|
| the Age Discrimination Employment Act (the "ADEA") as amended, 29 U.S.C. Section 623, et seq.; |
| Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. as amended; |
| the federal Americans with Disabilities Act 42 U.S.C. Section 12101, et seq. (the "ADA"), as amended; |
| the Equal Pay Act of 1963, 29 U.S.C. Section 206(d); |
| the Family and Medical Leave Act, as amended, 29 U.S.C. Section 2601, et seq. (the "FMLA"); |
| Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101, et seq.; |
| Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, et seq. |
| 42 U.S.C. Sections 1981 through 1988; |
| National Labor Relations Act, 29 U.S.C. Section 151, et seq., |
| Immigration Reform and Control Act of 1986, 8 U.S.C. § 1101, et. seq.; |
| the Uniform Services Employment and Reemployment Rights Act of 1994; |
| the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. Section 1001, et seq. (excluding any vested benefits under any Employee Retirement Plan); |
| Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.; |
| Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, et. seq.; |
| Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. § 2000ff, et seq.; |
| Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 300gg, 29 U.S.C. § 1181, et. seq., and 42 U.S.C. § 1320d-6, et. seq.; |
| the Florida and Federal Constitutions; |
| the Florida Human Rights Act of 1977 and the Florida Civil Rights Act of 1992 as amended, Chapter 760 Florida Statutes; |
| the Florida Whistleblower's Act, Fla. Stat. Section 448.101, et seq.; |
| Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205; |
| Florida's wage payment and wage discrimination laws; |
| Florida Minimum Wage Act, Fla. Stat. Section 448.110; |
| the Florida AIDS Act, Fla. Stat. Sections 10.1125, 381.00 and 760.50; |

| |
|---|
| Florida Discrimination on Basis of Sickle Cell Trait Law, Fla. Stat. Section 448.075; and |
| Miami-Dade Wage Theft Ordinance, as amended, Chapter 22, Sections 1-10 of the Code of Miami-Dade County; |
| All local and county ordinances; |
| any other federal, state or local statute, executive order, regulation or ordinance relating to or dealing with unpaid wages, employment, employment discrimination, retaliation, conspiracy, tortuous or wrongful discharge. |

C. This release also includes, but is not limited to: (i) any and all claims for breach of contract and breach of employment contract (whether oral, express or implied) between Employee and Employer; (ii) any and all claims for wrongful discharge, unpaid wages, future wage loss, employee benefits, bonuses, stock options, attorneys' fees and costs, penalties and damages of all types, including, but not limited to, punitive and compensatory damages and emotional distress damages; and (iii) any and all actions, claims and demands for tort damages (whether intentional or negligent) and/or personal injury as a result Employee's employment or separation from Employer, such as defamation, fraud, misrepresentation, assault, battery, negligence, negligent supervision, hiring, or retention, detrimental reliance, intentional or negligent infliction of emotional distress, breach of a covenant of good faith and fair dealing, and any other offense. The foregoing list is meant to be illustrative rather than exhaustive.

D. Notwithstanding the above, Employee and Employer acknowledge that they are not waiving any rights or claims that may arise after this Agreement is signed or any rights or claims that by law cannot be released in this Agreement.

E. Employee represents that, with respect to the claims she is waiving, she is waiving not only her right to recover money or other relief in any action that she might institute, but she is also waiving her right to recover money or other relief in any action that might be brought on her behalf by any other person or entity including, but not limited to, the State of Florida, the U.S. Department of Labor ("DOL"), or any other (U.S. or foreign) federal, state, or local agency or department.

F. Employee agrees not to apply for or accept employment with the Employer in the future.

G. Employee agrees she has been paid and/or will be paid through settlement of the Litigation all of her past wages, front wages, compensation, bonuses, commissions, leave payments and/or and benefits due as of the

4

        date of this Agreement and that no such additional amounts are due to them.

    H.    Employee agrees she has not filed any claims, complaints, charges, lawsuits or other proceedings against the Employer with any governmental agency, arbitrator, or any court other than as set forth in this Agreement.

    I.    Employee agrees that she do not have any known workplace injuries or occupational diseases.

6. Employers represent and warrant that the person signing this Agreement has the authority to act on behalf of Employers and to bind Employers and all who may claim through Employers to the terms and conditions of this Agreement. Employee and Employer each warrant and represent that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released by this Agreement.

7. Neither party has relied upon any representations or statements made by the other party hereto which are not specifically set forth in this Agreement.

8. Employee and Employer acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the matters set forth in this Agreement.

9. Employee and Employer agree to not disparage either party or parties involved in this litigation. Employer agrees to render a neutral job reference for Munoz.

10. This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Employer.

11. The provisions of this Agreement are severable, and if one or more of any provision or provisions are found to be unenforceable, invalid, or illegal, this will not affect any other provision or provisions of this Agreement, which will remain in full force and effect.

12. This Agreement may only be amended in writing signed by Employee and Employer and approved by the Court.

13. This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

14. This Agreement shall not be construed against the Employer by reason of the fact that Employer was responsible for the drafting of this Agreement or any provision of this Agreement.

I have read the foregoing Settlement Agreement and it has been explained to me in my native language by my attorney, and I accept and agree to the provisions contained herein.

11/10/15
DATE

_____
MARIA TERESA MUNOZ

11/10/15
DATE

_____
MAX WAICMAN

11/10/15
DATE

_____
MARCOS MORENO

11/10/15
DATE

MILANEZZA, LLC
By: _____
Print Name: MAX WAICMAN
Title: MANAGER